UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SHAWN MICHAEL BOYER,

    Petitioner,

v.                                          Case No. 5:21-cv-208-AW/MJF

RON DESANTIS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Shawn Michael Boyer ("Boyer") filed this action pursuant to 28 U.S.C. § 2241 to challenge Respondent Florida Governor DeSantis's denial of his request for executive clemency. Doc. 1. Boyer seeks a declaratory judgment that he was arbitrarily denied access to Florida's clemency process in violation of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment.[1] *Id.* at 8.[2] Boyer also seeks "the option to withdraw his application for clemency." *Id.* The

---

[1] Although Boyer does not use the phrase "declaratory judgment," he asks the court to "recognize Boyer's allegations" as sufficient to establish that DeSantis's blanket policy violates the Eighth and Fourteenth Amendment.

[2] The page numbers cited herein refer to the numbers assigned by the court's electronic filing system.

undersigned recommends that the District Court summarily dismiss Boyer's petition because his claims are at best cognizable only under 42 U.S.C. § 1983.[3]

## I. BACKGROUND

Boyer is an inmate of the Florida Department of Corrections ("FDC") currently confined at Graceville Correctional Facility. Doc. 1 at 1. Boyer states that he is serving a sentence imposed in the Circuit Court in and for Escambia County, Florida, on February 5, 2010, based on convictions for "Lewd and Lascivious Molestation—Victim less than 12, offender over 18"; "Child Abuse—without causing great bodily harm"; and "Aggravated Child Abuse—willfully tortures, maliciously punishes." *Id.*; Doc. 1-1 at 4 (attached "Petition for All Writs" filed in state court).

Boyer alleges that Governor DeSantis has a "blanket policy" of denying clemency to criminal defendants convicted of murder and felony sex offenses, without considering the particular circumstances of the defendant or the case. Doc. 1 at 6-7. Boyer contends this policy violates the Eighth and Fourteenth Amendments of the United States Constitution. *Id.* at 7-8.

---

[3] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

In support of his claims, Boyer filed a copy of a letter from the State of Florida Office of Executive Clemency, which states:

> On March 10, 2021, the Governor exercised his clemency powers to deny the pending clemency applications of all murderers and felony sex offenders. Accordingly, the Governor has denied your clemency request and your application for Request for Review/Commutation of Sentence has been closed.
>
> Under the current Rules of Executive Clemency, you will be eligible to reapply for clemency on March 10, 2026, five years from the date of the denial.
>
> There is no appeal process for the denial of a clemency request.

Doc. 1-1 at 12.

Boyer filed a "Petition for All Writs" in the Florida First District Court of Appeal (First DCA), seeking an order directing Governor DeSantis to "scrap" his "blanket policy" of denying all clemency applications filed by murderers and sex offenders. *Id.* at 3-9 (attached state petition). On July 30, 2021, the First DCA denied Boyer's petition. *Id.* at 14 (First DCA decision); *Boyer v. DeSantis*, No. 1D21-1849, 2021 WL 3233874, at *1 (Fla. 1st DCA July 30, 2021) (per curiam). Plaintiff filed a motion for rehearing, which the First DCA denied. Doc. 1-1 at 16-22.

## II. Discussion

Federal law authorizes a district court to summarily dismiss a petition if it appears from the application that the applicant or person detained is not entitled to relief. 28 U.S.C. § 2243. "An inmate convicted and sentenced under state law may

seek federal relief under two primary avenues: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983." *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) (internal quotation marks and citation omitted). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam); *Hutcherson*, 468 F.3d at 754. "These avenues are *mutually exclusive*: if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a separate § 1983 civil rights action." *Hutcherson*, 468 F.3d at 754 (emphasis added). "The converse is equally true, and the district court should dismiss a habeas petition raising a claim available under § 1983." *Kerlin v. Barnard*, 742 F. App'x 488, 489 (11th Cir. 2018); *see McNabb v. Comm'r Ala. Dep't of Corr.*, 727 F.3d 1334, 1344 (11th Cir. 2013).

In *Wilkinson v. Dotson*, 544 U.S. 74 (2005), the Supreme Court held that challenges to parole procedures were cognizable under section 1983, not habeas. *Id.* at 82. The Court reasoned that a habeas petition is not the appropriate avenue when success in the suit "*would not necessarily* spell immediate or speedier release for the prisoner." *Id.* at 81 (emphasis in original).

Although Boyer filed this action as a habeas corpus proceeding under 28 U.S.C. § 2241, his constitutional challenges to the denial of his request for clemency are collateral to his conviction and sentence, are not cognizable in a habeas proceeding, and may be raised only pursuant to section 1983.[4] *See Edwards v. Georgia*, 819 F. App'x 679, 680 (11th Cir. 2020); *Banks v. Sec'y, Fla. Dep't of Corr.*, 647 F. App'x 910, 913 n.4 (11th Cir. 2016) (noting that a claim brought pursuant to section 1983 was the appropriate vehicle by which to bring a challenge to the constitutionality of a clemency proceeding"); *Valle v. Sec'y, Fla. Dep't of Corr.*, 654 F.3d 1266, 1267 (11th Cir. 2011) (holding that a petitioner's constitutional claims concerning clemency procedures were collateral to his conviction and sentence, were not cognizable in a section 2254 proceeding, and could only be brought under section 1983); *Hutcherson*, 468 F.3d at 754.

In this case, success on Boyer's claims would not necessarily entitle him to release from prison. Rather, success only would entitle Boyer to have the Florida Governor reconsider Boyer's request for clemency. Indeed, the cases cited by Boyer

---

[4] In limited circumstances a defendant's challenges to the clemency process must be construed as a request for habeas relief, specifically, where a death row inmate seeks an immediate stay of execution. *See Spivey v. State Bd. of Pardons & Paroles*, 279 F.3d 1301 (11th Cir. 2002); *Gilreath v. State Bd. of Pardons & Paroles*, 273 F.3d 932 (11th Cir. 2001). Boyer, however, does not assert that he faces a capital sentence.

in support of his claims were brought pursuant to section 1983.[5] Accordingly, this habeas action should be dismissed. *See Valle*, 654 F.3d at 1268; *Guthrie v. Gray*, No. 5:10cv227/RS/CJK, 2013 WL 1810838, at *1 (N.D. Fla. Mar. 19, 2013) (denying habeas claim that petitioner was denied access to review for clemency); *see also*, *e.g.*, *Kerlin*, 742 F. App'x at 489 (affirming dismissal of section 2241 habeas petition brought by a state inmate claiming that state officials unconstitutionally refused to consider whether he was eligible for parole). If Boyer desires to pursue his constitutional challenges to Governor DeSantis's denial of his request for clemency, Boyer must file an action pursuant to 42 U.S.C. § 1983.

### III. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a).[6] A timely notice

---

[5] Boyer cites *Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272 (1998), *Gissendaner v. Comm'r. Ga. Dep't of Corr.*, 794 F.3d 1327 (11th Cir. 2015), and *Banks v. Sec'y*, 592 F. App'x 771 (11th Cir. 2014). Doc. 1-1 at 8, Doc. 2.

[6] Although Boyer filed his habeas petition under section 2241, it is subject to section 2254 and all of its attendant restrictions. *See Peoples v. Chatman*, 393 F.3d 1352, 1353 (11th Cir. 2004).

of appeal must still be filed, even if the court issues a certificate of appealability ("COA"). 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. __, 137 S. Ct. 759, 773 (2017) (citing *Miller-El*, 537 U.S. at 327). Boyer cannot make that showing. Therefore, the undersigned recommends that the District Court deny a COA in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation, the objecting party may bring this argument to the attention of the District Court in the objections permitted to this report and recommendation.

### IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This habeas action be **DISMISSED** without prejudice.

2. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 19th day of November, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**