IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SHAWN MICHAEL BOYER,

    **Petitioner,**

v.                                                              Case No. 5:21-cv-208-AW-MJF

**RON DESANTIS,**

    **Respondent.**

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner Shawn Michael Boyer initiated this case under 28 U.S.C. § 2241, contending Governor DeSantis wrongfully denied him due process in the context of his clemency proceeding. ECF No. 1. The magistrate judge issued a report and recommendation, concluding the relief sought was cognizable under § 1983—not habeas. ECF No. 8. Accordingly, the magistrate judge recommended dismissal.

Boyer has objected. ECF No. 9. He "yields to the fact his habeas corpus petition under 28 U.S.C. § 2241 should have been file[d] under a § 1983 civil rights action," *id.* at 1, but he asks that the case be converted to a § 1983 action rather than dismissed. He points to *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), which he contends supports his position. But that case came before the PLRA introduced an administrative exhaustion requirement for prisoner litigation. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006) ("Before 1980, prisoners asserting constitutional claims had no obligation to exhaust administrative remedies." (citing *Wilwording*)). And since

1

that time, the Eleventh Circuit has affirmed dismissals of habeas cases that theoretically could have been recast as § 1983 claims. *See McNabb v. Comm'r Ala. Dep't of Corr.*, 727 F.3d 1334, 1344 (11th Cir. 2013) (affirming dismissal of habeas petition and noting that the "avenue of relief is still available to [petitioner] in a § 1983 action"); *see also Kerlin v. Barnard*, 742 Fed. App'x 488, 489 (11th Cir. 2018) ("[T]he district court should dismiss a habeas petition raising a claim available under § 1983.").

In light of this, and having carefully considered de novo Boyer's objection, I conclude dismissal is appropriate. The dismissal will be without prejudice, and Boyer may initiate a new § 1983 case. *See McNabb*, 727 F.3d at 1344.

The report and recommendation (ECF No. 8) is adopted and incorporated into this order. The clerk will enter a judgment that says, "This case is dismissed without prejudice and a certificate of appealability is denied." The clerk will then close the file.

SO ORDERED on December 28, 2021.

                                              s/ *Allen Winsor*
                                              United States District Judge